UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| AM BROADBAND, LLC | : | |
|     Plaintiff | : | |
|  | : | |
| v. | : | 3:08-cv-378 (CFD) |
|  | : | |
| FIRST FINANCIAL INSURANCE COMPANY, | : | |
| COMMERCE & INDUSTRY INSURANCE | : | |
| COMPANY | : | |
|     Defendants | : | |

**RULING ON MOTION FOR RECONSIDERATION**

First Financial's motion for reconsideration [Dkt. # 57] is GRANTED. However, upon reconsideration, the motion to dismiss [Dkt. # 8] is DENIED, first, because this case does not present exceptional circumstances that justify the surrender of federal jurisdiction under Colorado River abstention, and second, because Brillhart abstention is inapplicable as AM Broadband's suit is for damages as well as declaratory relief.

**I.  Standard for Reconsideration**

The standard for granting a motion for reconsideration is strict. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. Thus, "the function of a motion for reconsideration is to present the court with an opportunity to correct 'manifest errors of law or fact or to consider newly discovered evidence.'" Lo Sacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994). A motion

for reconsideration "may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." Horsehead Res. Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal citations and quotations omitted).

## II.     Discussion

First Financial moves for reconsideration on the basis that the Court's decision not to abstain was in contravention of the Supreme Court's decisions in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976) and Moses H. Cone Memorial Hospital v. Mercury Construction Corporation, 460 U.S. 1 (1983), and additionally because the Court's decision as to the operation and application of the Declaratory Judgment Act is not supported by the case law. As to the Colorado River analysis, the Court will clarify its original ruling in light of First Financial's arguments on reconsideration, which it finds unavailing. As to the Declaratory Judgment Act, First Financial points to relevant case law that the Court did not address in its original ruling on the motion to dismiss. Accordingly, the Court reexamines its previous decision in light of this case law, but nonetheless finds Brillhart abstention inapplicable.

### A.     *Colorado River* **Abstention**

First Financial argues that the Court's application of the fourth Colorado River factor, the order in which jurisdiction was obtained, was incorrect first because the Court considered how much progress was made in the two lawsuits after the motion to dismiss was filed, and second because the court did not find the factor favored abstention where the New York action was indisputably filed before the Connecticut action. First Financial's argument fails for two reasons. First, this Court did not evaluate the fourth factor on a finding that more progress had been made in the federal action than had been made in the state action. Rather, the Court found

this factor was neutral because the state action had not proceeded, either before or after the motion to dismiss was filed, farther than the federal action to favor abstention.  Second, the Second Circuit has clearly stated that the fourth Colorado River factor does not turn exclusively on the sequence in which the cases were filed, "but rather in terms of how much progress has been made in the two actions."  Moses H. Cone Mem'l Hosp., 460 U.S. at 21; see also Andrea Theatres, Inc. v. Theatre Confections, Inc., 787 F.2d 59, 64 (2d Cir.1986) ("Therefore, since little progress was made in the state court action prior to the filing of the motion to dismiss, the fact that the state court action was filed first carried little weight."); Law Enforcement Insurance Company, Ltd., v. Corcoran, 807 F.2d 38, 42 (2d Cir. 1986) ("Nor is this a case where any weight may be put on the order in which the federal and state cases were begun.  Again, considering LEICL's claim individually, the state forum had not made any substantial progress towards assessing its merits when the federal suit was filed.").  Therefore, this Court found that where, as here, the state court action was filed only weeks before the federal action, and the difference in progress made in the two suits was negligible, the factor is neutral and therefore does not favor abstention.

Next, First Financial argues that the Court's application of the fifth Colorado River factor, whether state or federal law supplies the rule of decision, was also incorrect.  As the Court did in its original ruling on the motion to dismiss, First Financial quotes the Second Circuit's opinion in Village of Westfield v. Welch's, as follows: "We have stated that '[w]hen the applicable substantive law is federal, abstention is disfavored.' . . . We also note that . . . the absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex."  170 F.3d 116, 124 (2d Cir. 1999) (emphasis added).  First Financial

reads this to mean that because the absence of federal issues does not *strongly* advise dismissal, it therefore advises dismissal. First Financial is incorrect: this factor is aimed at protecting federal courts' adjudication of issues of federal law, but it is not aimed at protecting state courts' adjudication of common state law issues. See Ryan v. Johnson, 115 F.3d 193 (3d Cir. 1997) ("As Cone made clear, while the presence of federal issues militates against abstention, the converse cannot be said; abstention cannot be justified merely because a case arises entirely under state law."). The Second Circuit announced a similar holding in Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.: "[T]he source-of-law factor has more influence when a federal rule of decision is involved; only in some rare circumstances," such as "the presence of a novel state law theory," will "the presence of state law issues . . . weigh in favor of surrender of federal jurisdiction." 800 F.2d 325 (2d Cir. 1986) (internal quotations and citations omitted). In conclusion, then, if the absence of federal issues advises dismissal at all, it is to an extremely limited degree and is not sufficient to overcome the strong presumption in favor of exercising jurisdiction.

Finally, First Financial argues that the sixth Colorado River factor, whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction, also favors abstention. The defendant argues on reconsideration that the Court was incorrect when it found this factor was neutral even though it did not find that the state court proceeding would not adequately protect the rights of AM Broadband. Once again, however, First Financial is incorrect. The Second Circuit has found that "the possibility that the state court proceeding might adequately protect the interests of the parties is not enough to justify the district court's deference to the state action. This factor, like choice of law, is more important

when it weighs in favor of federal jurisdiction. It is thus of little weight here," where the state court proceeding may adequately protect the interests of the parties. Bethlehem Contracting, 800 F.2d at 327. In other words, where, as here, as in Bethlehem Contracting, there are no federal rights at stake, the factor counsels neither in favor of nor against abstention. See also Village of Westfield, 170 F.3d at 124 ("This factor is 'more important when it weighs in favor of federal jurisdiction.'") (quoting Bethlehem Contracting, 800 F.2d at 328); Hartford Life Insurance, 2007 U.S. Dist. Lexis 55819, at *33 (D.N.J. August 1, 2007) ("'The mere fact that the state forum is adequate does not counsel in favor of abstention' given the presumption in favor of exercising jurisdiction. This factor is only relevant 'when the state forum is *in*adequate.'") (emphasis in original).

While in its original ruling denying the motion to dismiss the Court found one factor favored abstention, because the Court finds that none of the factors First Financial stresses in its motion for reconsideration strongly favors abstention, the presumption of exercising federal jurisdiction is not overcome. As the Second Circuit has repeatedly explained, a federal court's "task under Colorado River is not to determine whether there is some substantial reason for the exercise of federal jurisdiction; rather, we must ascertain whether there exist exceptional circumstances that justify the surrender of federal court jurisdiction." Village of Westfield, 170 F.3d at 124. In this analysis, the "balance [is] heavily weighted in favor of the exercise of jurisdiction," id. at 121 (citing Moses H. Cone, 460 U.S. at 16), and that weight in favor of jurisdiction cannot be overcome by the essentially neutral factors First Financial urges upon the Court, see Woodford v. Community Action Agency of Greene County, Inc., 239 F.3d 517, 522 (2d Cir. 2001) ("Thus, the facial neutrality of a factor is a basis for retaining jurisdiction, not for

yielding it.").

### B. *Brillhart* Abstention

First Financial also argues that the Court should exercise its broader discretion under Brillhart v. Excess Insurance Company of America to abstain in a declaratory judgment action. In Wilton v. Seven Falls Co., 515 U.S. 277 (1995) the United States Supreme Court reaffirmed the standard set forth in Brillhart, 316 U.S. 491 (1942), governing a district court's exercise of discretion to stay or dismiss a declaratory judgment action based on the existence of a parallel state court proceeding.  See Wilton, 515 U.S. 286.  The greater discretion district courts enjoy in declaratory judgment actions than under the "exceptional circumstances" test of Colorado River and Moses H. Cone is rooted in the "distinct features of the Declaratory Judgment Act."  Wilton, 515 U.S. at 286.  "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.  On its face, the statute provides that a court 'may declare the rights and other legal relations of any interested party seeking such declaration.'" Id. (internal citations omitted). As First Financial argues, declaratory relief need not even be requested by specific reference to the Declaratory Judgment Act for the principles of Brillhart and Wilton to apply to an action for declaratory relief.  See Hartford Life Insurance Co. v. Rosenfeld, 2007 U.S. Dist. Lexis 55819, at *11 (D.N.J. August 1, 2007).

Although Brillhart abstention may apply even when the Declaratory Judgment Act is not specifically invoked, the Second Circuit and a number of other courts of appeals have found Brillhart abstention will only apply when the action is purely for a declaratory judgment, and does not seek other relief.  More specifically, in Village of Westfield, the Second Circuit

recognized an exception to the application of Brillhart abstention:

> We note that the Supreme Court held in Wilton v. Seven Falls Co., 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), that a discretionary standard, and not the Colorado River exceptional circumstances standard, governs a district court's decision to stay a declaratory judgment action on grounds of a parallel state court proceeding. Wilton does not apply here. Although Welch did seek a declaration of rights under the sewer agreement and the FWPCA, the federal action did not seek purely declaratory relief. Rather, the Village sought payment of the unpaid user charges against Welch. Welch, in turn, contested the payment and sought damages caused by the Village's conduct.

170 F.3d at 125 n.5; see also Hartford Life Insurance Co., 2007 U.S. Dist. Lexis 55819, at * 12 (citing cases from the Second, Fifth, Eighth, Ninth, and Tenth Circuits holding that Brillhart abstention only applies to pure declaratory judgment actions). Here, AM Broadband's complaint seeks not only declaratory relief, but also damages for defendants' negligence, breach of the insurance policies, failure to provide a defense, and violations of CUTPA and CUIPA. Therefore, Brillhart abstention is inapplicable because AM Broadband seeks more than declaratory relief.

### III. Conclusion

Accordingly, First Financial's motion to dismiss [docket # 8] is denied. The Defendants shall file their answers to the complaint by April 17, 2009.

SO ORDERED this   25th   day of March 2009, at Hartford, Connecticut.


    /s/ Christopher F. Droney  
**CHRISTOPHER F. DRONEY**  
**UNITED STATES DISTRICT JUDGE**